IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 7 2007

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 07-cv-00535-ZLW

ELDON HUFFINE, his heirs and assigns and all persons similarly affected,
    Plaintiff,

v.

ALBERTO GONZALES
DOES I TO X,
UNITED STATES BUREAU OF PRISONS, and
UNITED STATES OF AMERICA,
    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Eldon Huffine has filed *pro se* on November 1, 2007, a document titled "Notice to the Court" in which he apparently seeks reconsideration of the Court's Order and Judgment of Dismissal filed in this action on April 26, 2007. The Court must construe the notice liberally because Mr. Huffine is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the notice will be construed liberally as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

Mr. Huffine's motion to reconsider in this action, which was filed more than ten days after the Court's Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action without prejudice because Mr. Huffine failed to cure certain deficiencies. More specifically, Mr. Huffine failed to file his complaint on the proper form and he failed either to pay the filing fee or to file a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Mr. Huffine alleges in the motion to reconsider that prison officials ignored his request for a certified copy of his inmate trust fund account statement, which is necessary to seek leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He also alleges that his request for an order directing prison officials to provide a certified account statement was ignored by the Court.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Huffine fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. The Court did not ignore Mr. Huffine's request for an order directing prison officials to provide a certified copy of his account statement. The Court denied the request as moot in the Court's Order and Judgment of Dismissal because Mr. Huffine had not filed a Prisoner Complaint and he had not filed a motion seeking leave to proceed *in forma pauperis*. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Notice to the Court" filed on November 1, 2007, which the Court has construed as a motion to reconsider, is denied.

DATED at Denver, Colorado, this __7__ day of _____Nov-_____, 2007.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00535-ZLW

Eldon Huffine
Reg. No. 09001-045
SEATAC
Federal Detention Center
PO Box 13900
Seattle, WA 98198

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/7/07

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk